300

MacINTYRE, J. While an action of trover is not a suit on account, for a debt, but an action for the recovery of the possession of chattels belonging to the plaintiff (Civil Code (1910), §§ 4481, 4483, 5150); and when the relation of landlord and cropper exists, the title to the crops raised by the latter is vested in the former until "he has received his part of the crops so raised, and is fully paid for all advances made to the cropper in the year said crops were raised to aid in making said crops" (Civil Code (1910), § 3705), yet, in an action of bail-trover brought by a landlord against a cropper, where the evidence authorizes the jury to find that the landlord has been fully paid for all advances made by him to the cropper to make the crops and has received from the cropper one half of the crops raised by him on the lands of the landlord for the year in question, and that the cropper does not owe the landlord anything, a verdict in favor of the defendant cropper is fully authorized and will not be disturbed by this court, although the defendant testified that he had not had a settlement with the landlord for three years, there being evidence to the effect that the landlord was also indebted to the cropper for clearing, breaking, and stumping lands of the landlord. The trial judge did not err in overruling plaintiff's motion for new trial, which was on the general grounds only.

*Judgment affirmed, Broyles, C. J., and Guerry, J., concur.*

DECIDED JUNE 26, 1934.

*T. B. Rainey,* for plaintiff.   *John C. Butt,* for defendant.